IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERVIS LAVERN GOODRICH, | : | No. 4:CV-04-1603 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN WILCOX, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**July 13, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a document entitled "Requesting Change of Venue" (doc. 10) filed by Plaintiff Jervis Lavern Goodrich ("Plaintiff" or "Goodrich") on June 28, 2005.  For the reasons that follow, we will construe Plaintiff's submission as a Motion to Recuse and deny the Motion.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On July 22, 2004, Plaintiff filed a complaint in the United States District Court for the Middle District of Pennsylvania against Pennsylvania State Troopers Stephen Wilcox and Christopher Soo pursuant to 42 U.S.C. § 1983.  (See Rec. Doc. 1).  In the complaint, Goodrich alleges that on September 10, 2002, Defendants Wilcox and Soo made an unlawful investigatory stop of an automobile

at 11:19 p.m.  Additionally, Goodrich asserts that due to the illegal stop, his fiancé at the time, Malissa Kinne, and himself were subjected to an illegal search and seizure, false arrest, harassment, and illegal incarceration.  Goodrich alleges that he and his fiancé were not given their *Miranda* warnings and were subjected to Fourth and Fifth Amendment violations.  On April 1, 2005, Plaintiff filed an amended complaint in which he added two defendants, Pennsylvania State Troopers Richard Davy and Kevin Patterson.  (See Rec. Doc. 8).

On June 28, 2005 Goodrich submitted a document entitled "Requesting A Change of Venue," which is the subject of this Order.

**DISCUSSION:**

In Goodrich's submission to the Court of June 28, 2005, he states that he requests a change of venue based upon the fact that the undersigned presided over Goodrich's previous criminal case, United States v. Jervis Laverne Goodrich, 4:CR-03-36, which was tried by a jury.  On August 10, 2004, a jury found Goodrich guilty on Counts 1 and 2 of the Indictment, 21 U.S.C. §§ 846 and 864(a)(1), conspiracy to manufacture and distribute controlled substances and theft of anhydrous ammonia, and not guilty on Counts 3 and 4.  The jury found that Goodrich was an organizer or leader of a criminal conspiracy, that there was an unlawful discharge of a hazardous or toxic substance, and that the offense involved

the unlawful transportation and storage of a hazardous waste.  On June 10, 2005, the Court sentenced Goodrich to 71 months on each of Counts 1 and 2 to be served concurrently and 6 years supervised release, 6 years on Count 1 and 3 years on Count 2, to be served concurrently.  On June 15, 2005, Goodrich appealed his sentence to the Third Circuit Court of Appeals.

Goodrich's reasons for requesting a "change of venue" include feeling uncomfortable due to recent proceedings, a conflict of interest between himself and the undersigned, and prejudice or bias that will "undoubtedly [sic] occure [sic] if it hasn't already."  (See Rec. Doc. 10).  We will construe Goodrich's submission as a Motion to Recuse as he is requesting that the undersigned recuse himself from the above-captioned case.

There are two statutory provisions that address recusal: 28 U.S.C. §§ 144 and 455.  The two statutory provisions have been deemed *in pari materia* so that the test for disqualification is similar under both sections.  See, e.g., United States v. Gittman, 1989 U.S. Dist. LEXIS 9587, *6 (E.D. Pa. 1989); United States v. Romano, 1988 U.S. Dist. LEXIS 12257, *4 (E.D. Pa. 1988).  To warrant recusal under § 144, the motion and affidavit must allege a factual basis for a finding of extrajudicial bias.  The judge must harbor actual bias against the litigant that is not derived from the evidence or conduct of the parties which the judge observes in the

course of the proceedings.  <u>Johnson v. Trueblood</u>, 629 F.2d 287, 290-91 (3d Cir. 1980).  Section 455 requires a judge to recuse himself in any proceeding in which "his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Third Circuit Court of Appeals has instructed that the above language has been interpreted to mean that "a judge should recuse himself where a reasonable man knowing all of the circumstances would harbor doubts concerning the judge's impartiality."  <u>United States. v. Dalfonso</u>, 707 F.2d 757, 760 (3d Cir. 1983).  Section 455 also requires a judge to recuse himself where he as a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(b)(1).

The Supreme Court instructed in <u>Liteky v. United States</u>, 510 U.S. 540 (1994), that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  <u>Id.</u> at 555.  "Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree

of favoritism or antagonism as to make fair judgment impossible." <u>SecuraComm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 279 (3d Cir. 2000)(<u>quoting</u> <u>Liteky</u>, 510 U.S. at 555).

In addition, courts of appeal have explained that familiarity with a defendant and/or facts of a case from earlier participation in judicial proceedings is not sufficient to disqualify the judge under 28 U.S.C. §§ 455(a) and (b). <u>In re Corrugated Container Antitrust Litigation</u>, 614 F.2d 958 (5th Cir. 1980)(The evidentiary findings made by the judge did not disqualify him on the merits because there were no allegations of personal bias based on extrajudicial sources as required by 28 U.S.C. § 144. Therefore judge's impartiality to preside over civil antitrust trial cannot be questioned even though judge presided over criminal trial and ruled that there was sufficient independent evidence of conspiracy to permit jury's consideration of statement of coconspirator.); <u>see</u> <u>also</u> <u>Katsaros v. Cody</u>, 744 F.2d 270 (2nd Cir. 1984)(In action arising under Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, and concerning mishandling of pension trust funds, judge is not obligated to recuse himself simply on basis that he presided at criminal trial of one of defendants arising out of defendant's activities as trustee of pension fund in question, since recusal under 28 U.S.C. § 455(b) for bias or prejudice is required only if information or knowledge possessed by judge

stems from extrajudicial source, and is not applied to knowledge acquired by judge while he performs judicial duties.).

After a careful review of the record in the case sub judice, including Goodrich's sentencing before the Court, we conclude without hesitation that none of Goodrich's purported bases for recusal mandate recusal of the undersigned under 28 U.S.C. §§ 144 and 455.  We note that Goodrich submitted his Motion to Recuse a short period of time after he received his sentence in the criminal matter previously addressed.  The Third Circuit Court of Appeals has repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal and we reiterate that principle at this juncture.  See SecuraComm Consulting, Inc., 224 F.3d at 278; see also In re TMI Litigation, 193 F.3d 613, 728 (3d Cir. 1999); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 199).

Accordingly, Plaintiff's Motion to Recuse is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Goodrich's submission entitled "Requesting A Change of Venue," (doc. 10) which the Court construed as a Motion to Recuse, is DENIED.

                                                s/ John E. Jones III
                                                John E. Jones III
                                                United States District Judge