IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERVIS LAVERN GOODRICH, | : | No. 4:CV-04-1603 |
| | : | |
| Plaintiff | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN WILCOX, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**September 2, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss the Amended Complaint For Insufficient Service of Process ("the Motion") (doc. 15) filed by Defendants Stephen Wilcox, Christopher Soo, Richard Davy, and Kevin Patterson (collectively "Defendants") on August 1, 2005.  For the reasons that follow, the Motion will be granted in part and denied in part.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On July 22, 2004, plaintiff Jervis Lavern Goodrich ("Plaintiff" or "Goodrich") filed a complaint in the United States District Court for the Middle District of Pennsylvania against Pennsylvania State Troopers Stephen Wilcox and Christopher Soo pursuant to 42 U.S.C. § 1983.  (See Rec. Doc. 1).  As we

1

explained in our July 13, 2005 Order, Goodrich alleges that on September 10, 2002, Defendants Wilcox and Soo made an unlawful investigatory stop of an automobile at 11:19 p.m. Additionally, Goodrich asserts that due to the illegal stop, his fiancé at the time, Malissa Kinne, and himself were subjected to an illegal search and seizure, false arrest, harassment, and illegal incarceration. Goodrich alleges that he and his fiancé were not given their *Miranda* warnings and were subjected to Fourth and Fifth Amendment violations. On April 1, 2005, Plaintiff filed an amended complaint in which he added two defendants, Pennsylvania State Troopers Richard Davy and Kevin Patterson. (See Rec. Doc. 8).

On August 1, 2005, Defendants filed the instant Motion, to which Plaintiff submitted a brief in opposition on August 29, 2005. The Motion is therefore ripe for disposition.

**DISCUSSION:**

As Defendants explain in their Motion, after filing his complaint against Defendants Soo and Wilcox on July 22, 2004, a summons was issued and provided to Plaintiff for service upon the aforereferenced Defendants on July 23, 2004. On September 16, 2004, we issued an Order directing Plaintiff to make service upon Defendants in accordance with the applicable rules. (See Rec. Doc. 5). As we previously explained, on April 1, 2005, Plaintiff amended his complaint, adding

claims against Defendants Davy and Patterson and a summons was issued and provided to Plaintiff for service upon Defendants Davy and Patterson.

On April 8, 2005, Plaintiff filed a one-page document with the Court certifying that he sent a notice to each Defendant stating, "This is your final notice, you have (10) working day's [sic] to respond or answer to the summons and complaint that was filed against you on April 5, 2005." (See Rec. Doc. 13). Defendants state that documents entitled "Certificate of Service," filed by Plaintiff, indicate that he mailed a copy of the complaint via United States Registered Mail to Defendants Soo, Wilcox, Patterson, and Davy. Defendants have entered a limited appearance to challenge the improper service of process upon them.

The Federal Rules of Civil Procedure provide methods for serving process on individuals in a federal action. Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 4 governs service in federal court. See Nanyonga v. INS, 200 F.R.D. 503, 505 (M.D. Pa. 2001). Unless an individual defendant waives service under Fed.R.Civ.P. 4(d)(2), service cannot be made by mail in a federal action in Pennsylvania. Federal Rule 4(e), provides, in relevant part, as follows:

> **Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). We note that although Fed.R.Civ.P. 4(e)(1) allows service under the rules of the state where the district court is located, Pennsylvania does not allow service by mail upon individuals. See Pa.R.Civ.P. 402.

We therefore find that Plaintiff's service of the complaint and summons via United States Registered Mail to the named Defendants does not satisfy the service requirements of Fed.R.Civ.P. 4(e). Plaintiff did not therefore properly effectuate service of process in this case. Although we recognize that the 120 day requirement in which service of the summons and complaint must be made upon

named defendants pursuant to Fed.R.Civ.P. 4(m)[1] has elapsed with respect to both Plaintiff's complaint and amended complaint, we find excusable neglect, in part upon consideration of Plaintiff's submission in opposition to the Motion, for Plaintiff's failure to properly effectuate service of process in the case <u>sub</u> <u>judice</u>.

We will therefore provide Plaintiff with an additional thirty (30) days from the date of this Order in which to effectuate proper service upon all named Defendants pursuant to Fed.R.Civ.P. 4 or to request leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under 28 U.S.C. § 1915.  If Plaintiff does not effectuate proper service upon all named Defendants or request leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> within thirty (30) days of the date of this Order, the Court shall dismiss Plaintiff's amended complaint without prejudice.

Accordingly, Defendants' Motion to Dismiss the Amended Complaint for Insufficient Service of Process is granted in part and denied in part.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss the Amended Complaint For

---

[1] Federal Rule 4(m) provides, in relevant part, as follows:

**Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Insufficient Service of Process (doc. 15) is granted in part and denied in part to the following extent:

A. Defendants' Motion is granted to the extent that Plaintiff shall effectuate proper service upon all named Defendants within thirty (30) days of the date of this Order pursuant to Federal Rule of Civil Procedure 4, or in the alternative he shall request leave to proceed in forma pauperis within thirty (30) days of the date of this Order.

B. If Plaintiff does not effectuate proper service upon all named Defendants or request leave to proceed in forma pauperis within thirty (30) days of the date of this Order, we will without further notice dismiss Plaintiff's amended complaint without prejudice.

C. The Motion is denied in all other respects.

s/ John E. Jones III
John E. Jones III
United States District Judge