IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERVIS LAVERN GOODRICH, | : | No. 4:CV-04-1603 |
| Plaintiff | : | (Judge Jones) |
| v. | : | |
| STEPHEN WILCOX, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**January 18, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Stay Proceedings and Enlarge Time to Answer ("the Motion") (doc. 27) filed by Defendants Stephen Wilcox, Christopher Soo, Richard Davy, and Kevin Patterson (collectively "Defendants") on December 7, 2005. For the reasons that follow, the Motion will be granted.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

The case sub judice is a civil rights action for damages brought by pro se plaintiff Jervis Lavern Goodrich ("Plaintiff" or "Goodrich"). As we have explained in prior Orders, on July 22, 2004, Goodrich filed a complaint in the United States District Court for the Middle District of Pennsylvania against Pennsylvania State Troopers Stephen Wilcox and Christopher Soo pursuant to 42

1

U.S.C. § 1983. (See Rec. Doc. 1). Goodrich alleges that on September 11, 2002, Defendants Wilcox and Soo made an unlawful investigatory stop of an automobile at 11:19 p.m. Additionally, Goodrich asserts that due to the illegal stop, his fiancé at the time, Melissa Kinne, and himself were subjected to an illegal search and seizure, false arrest, harassment, and illegal incarceration. Goodrich alleges that he and his fiancé were not given their *Miranda* warnings and were subjected to Fourth and Fifth Amendment violations. On April 1, 2005, Plaintiff filed an Amended Complaint in which he added two defendants, Pennsylvania State Troopers Richard Davy and Kevin Patterson. (See Rec. Doc. 8).

A grand jury sitting in the United States District Court for the Middle District of Pennsylvania returned a four count indictment charging Plaintiff with conspiracy to manufacture and distribute a controlled substance, theft of anhydrous ammonia, and possession of listed chemicals/distribution of a controlled substance. See United States v. Goodrich, 4:03-cr-36. During his defense against these charges, Plaintiff filed a motion to suppress all physical evidence seized from his person, all physical evidence seized from the vehicle, all incriminating statements he made after he was arrested, and any testimony by Melissa Kinne, the driver of the vehicle. Id. at doc. 60. Plaintiff sought to suppress this evidence because he claimed that it had been obtained by the defendants in violation of the Fourth

Amendment to the United States Constitution.  Plaintiff specifically claimed that the stop conducted by Defendants Soo and Wilcox and Plaintiff's subsequent arrest, were illegal.

Following a hearing and oral argument, this Court issued an Order denying Plaintiff's motion to suppress.  Id. at doc. 95.  On August 10, 2004, a jury found Goodrich guilty on Counts 1 and 2 of the Indictment, 21 U.S.C. §§ 846 and 864(a)(1), conspiracy to manufacture and distribute controlled substances and theft of anhydrous ammonia, and not guilty on Counts 3 and 4.  Id. at doc. 131.  The jury found that Goodrich was an organizer or leader of a criminal conspiracy, that there was an unlawful discharge of a hazardous or toxic substance, and that the offense involved the unlawful transportation and storage of a hazardous waste.  On June 10, 2005, the Court sentenced Goodrich to 71 months on each of Counts 1 and 2 to be served concurrently and 6 years supervised release, 6 years on Count 1 and 3 years on Count 2, to be served concurrently.  Id. at doc. 170.

On June 15, 2005, Goodrich appealed his sentence to the Third Circuit Court of Appeals.  See United States v. Goodrich, Appeal No. 05-3071.  In his appeal, Plaintiff challenges this Court's denial of his motion to suppress.  This appeal is currently pending before the Third Circuit.

On December 7, 2005, Defendants filed the instant Motion, to which

Plaintiff submitted a brief in opposition on December 30, 2005. The Motion is therefore ripe for disposition.

**DISCUSSION:**

In the Motion, Defendants argue that Plaintiff challenges the legality of a stop and search and that he has also challenged the legality of this same stop and search in a criminal appeal that is pending. "Because collateral estoppel may apply to bar the relitigation of plaintiff's civil rights claim, the Court should stay this action until plaintiff's criminal action has been resolved." (Defs.' Br. Supp. Mot. Stay at 3-4). Should the Court grant the stay, Defendants respectfully request leave to file an answer to the Amended Complaint thirty days after the entry of a final order by the Third Circuit Court of Appeals.

In response, Plaintiff's submission indicates he does not believe that his criminal appeal has anything to do with his civil action, "since the courts have already made its ruling on the stop and search, the appeal will have no impact on the ruling, either direction of the appeal." (Pl.'s Br. Opp. Defs.' Mot. Stay at 2). Plaintiff requests that the Court deny Defendants' Motion and allow the "case to proceed."

Defendants accurately submit that in this civil action Plaintiff challenges the legality of a stop and search allegedly conducted by the Defendant Pennsylvania

State Troopers. This stop and search formed the basis of a federal criminal prosecution of Plaintiff, as previously stated, during which Plaintiff challenged the legality of the stop and search. As noted, this Court denied Plaintiff's motion to suppress evidence obtained from the stop and search. Plaintiff has appealed this determination to the Third Circuit Court of Appeals. Because collateral estoppel may apply to bar the relitigation of the underlying challenge to the legality of the stop and search, we agree with Defendants that we should stay this action until the criminal action has been resolved.

Under the doctrine of collateral estoppel, once a court has determined an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action that involves a party to the first case. Allen v. McCurry, 449 U.S. 90, 414 (1980). Collateral estoppel may be used in a federal civil rights action alleging unconstitutional search and seizure to preclude the relitigation of an issue that has already been determined in a criminal suppression proceeding. Id. at 420. As the Third Circuit Court of Appeals has instructed, where collateral estoppel may apply to bar a civil rights action, a court should stay the civil action until the criminal court proceedings have run their course. Bailey v. Ness, 733 F.2d 279, 283 (3d Cir. 1984) ("[A] proper course would be to stay the federal court proceedings until the state court

proceedings have run their course or have run out of time in which to be brought.").

We will accordingly stay this action pending the disposition of Plaintiff's criminal appeal to the Third Circuit. Defendants are provided leave to file an answer to Plaintiff's Amended Complaint within thirty days after the entry of a final order by the Third Circuit in <u>United States v. Goodrich</u>, Appeal No. 05-3071.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Motion to Stay Proceedings and Enlarge Time to Answer (doc. 27) is GRANTED.

2. This case shall be stayed pending the disposition of Plaintiff's criminal appeal to the Third Circuit Court of Appeals in <u>United States v. Goodrich</u>, Appeal No. 05-3071.

3. Defendants are provided leave to file an answer to Plaintiff's Amended Complaint within thirty days after the entry of a final order by the Third Circuit Court of Appeals in <u>United States v. Goodrich</u>, Appeal No. 05-3071.

<u>s/ John E. Jones III</u><br>
John E. Jones III<br>
United States District Judge