IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERVIS LAVERN GOODRICH, | : | No. 04cv1603 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Jones |
| v. | : | |
| | : | |
| STEPHEN WILCOX, <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**August 4, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion for Summary Judgment ("the Motion") (doc. 35) filed by Defendants Stephen Wilcox, Christopher Soo, Richard Davy, and Kevin Patterson (collectively "Defendants") on July 18, 2006.  For the reasons that follow, the Motion will be granted and the case closed.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:**

This is a civil rights action for damages brought by <u>pro se</u> plaintiff Jervis Lavern Goodrich ("Plaintiff" or "Goodrich").  Plaintiff is currently incarcerated at FCI-Elkton in Lisbon, Ohio.  In the above-captioned case, Plaintiff asserts that Defendants illegally stopped and searched the vehicle in which he was a passenger

1

on September 11, 2002.  Evidence of Plaintiff's involvement in the theft of anhydrous ammonia was obtained from the search of the vehicle.

A grand jury sitting in the United States District Court for the Middle District of Pennsylvania returned a four count indictment charging Plaintiff with conspiracy to manufacture and distribute a controlled substance, theft of anhydrous ammonia, and possession of listed chemicals/distribution of a controlled substance. See United States v. Goodrich, 4:03-cr-0036.  During his defense against these charges, Plaintiff filed a Motion to Suppress all physical evidence seized from his person, all physical evidence seized from the vehicle, all incriminating statements made by him after he was arrested, and any testimony by Melissa Kinne, the driver of the vehcile.  Id. at doc. 60.  Plaintiff sought to suppress such evidence because he argued that it had been obtained by the Defendants in violation of the Fourth Amendment to the United States Constitution.  Plaintiff specifically claimed that the stop conducted by Defendants Soo and Wilcox and Plaintiff's subsequent arrest, were illegal.

Following a hearing and oral argument on the Motion, this Court issued an Order denying Plaintiff's Motion to Suppress.  Id. at doc. 95.  Plaintiff was subsequently tried and convicted of conspiracy to manufacture and distribute controlled substances and theft of anhydrous ammonia.  Id. at docs. 131, 170.

2

Plaintiff filed an appeal of his conviction with the Third Circuit Court of Appeals.  See United States v. Goodrich, Appeal No. 05-3071.  In his appeal, Plaintiff challenged the Court's denial of his Motion to Suppress.  On January 18, 2006, we granted Defendants' Motion to Stay the proceedings until the criminal action was resolved.  (Rec. Doc. 30).  On June 20, 2006, the Third Circuit Court of Appeals upheld the validity of the stop and affirmed our judgment denying Plaintiff's Motion to Suppress.  That same day, we lifted the stay in this proceeding.  (Rec. Doc. 31).

Defendants filed the instant Motion on July 19, 2006, as well as a supporting brief.  Plaintiff has failed to file a brief in opposition to the Motion.  The Motion is therefore ripe for disposition.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. P.  56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial."  Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could

draw from them.  <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  <u>Id.</u> at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  <u>Celotex Corp.,</u> 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  <u>Pastore v. Bell Tel. Co. of Pa.,</u> 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's

4

evidence contradicts the movant's, then the non-movant's must be taken as true."

Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.

1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to

materiality, the substantive law will identify which facts are material."  Id. at 248.

A dispute is considered to be genuine only if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Id.

## DISCUSSION:

We initially note that Plaintiff has failed to file an opposition brief to

Defendants' Motion to date.  Pursuant to Local Rule ("L.R.") 7.6, Plaintiff is

deemed to not oppose Defendants' Motion.[1]  Although Defendants' Motion is

deemed unopposed pursuant to L.R. 7.6, it is prudent under the circumstances of

---

[1] L.R. 7.6 provides, as follows:

Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief.  *Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.*

(Emphasis added).

this case to address the merits of the pending Motion.

In the Motion, Defendants accurately submit that Plaintiff challenges the legality of a stop and search in this case and he likewise challenged the legality of this same stop and search in his criminal appeal to the Third Circuit Court of Appeals.  A careful review of the record in the case sub judice reveals that collateral estoppel bars the relitigation of Plaintiff's civil rights claim challenging the validity of the stop, entitling Defendants to judgment as a matter of law based upon the Third Circuit's recent decision affirming this Court's denial of Plaintiff's Motion to Suppress that evidence, for the reasons that follow.

In that regard, and as elaborated upon by Defendants in their submissions, under collateral estoppel, once a court has determined an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action that involves a party to the first case.  Allen v. McCurry, 449 U.S. 90, 94-95 (1980).  Collateral estoppel may be used in a federal civil rights action alleging unconstitutional search and seizure to preclude the relitigation of an issue that has already been determined in a criminal suppression proceeding.  Id. at 103-5.

In this civil action and as noted, Plaintiff challenges the legality of a stop and search conducted by Defendant Pennsylvania State Troopers.  This stop and search

6

formed the basis of a federal criminal prosecution of Plaintiff, during which he challenged the legality of the stop and search.  We denied Plaintiff's Motion to Suppress evidence obtained from the stop and search, which Plaintiff appealed to the Third Circuit.  In United States v. Goodrich, Appeal No. 05-3071, the Third Circuit affirmed the validity of the stop and search.

The Third Circuit has instructed that collateral estoppel is appropriate where: (1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.  Jones v. United States Parcel Service, 214 F.3d 402, 405-6 (3d Cir. 2000). Moreover, the issue or issues upon which preclusion is sought must have been "distinctly put in issue" and "directly determined" adversely to the party against which estoppel is asserted.  New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Bd. of Higher Educ., 654 F.2d 868, 876 (3d Cir. 1981).

We are in agreement with Defendants that Plaintiff asserted the same challenge to the stop and search in his criminal conviction as he asserts in his

7

present civil complaint.  Plaintiff's challenge to the stop and seizure was rejected by this Court and by the Third Circuit.  As the underlying facts are no longer capable of dispute, there was a final judgment on the merits and the issues of fact to support the instant civil action are the same issues of fact previously adjudicated in the criminal action.  Plaintiff is therefore collaterally estopped from relitigating the stop and seizure.  As the Third Circuit has ruled on the underlying challenge to the legality of the stop and search, judgment is entered in favor of Defendants.

Accordingly, Defendants' Motion for Summary Judgment is granted.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.      Defendants' Motion for Summary Judgment (doc. 35) is GRANTED.

2.      All claims against Defendants are hereby dismissed.

3.      The Clerk shall close the file on this case.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge