IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERVIS LAVERN GOODRICH, | : | |
| | : | |
| Plaintiff, | : | No. 04-CV-1603 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| STEPHEN WILCOX, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER**

**December 12, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiff's Motion for Reconsideration ("the Motion") (doc. 38), filed on August 21, 2006. For the reasons that follow, the Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

This is a civil rights action for damages brought by *pro se* plaintiff Jervis Lavern Goodrich ("Plaintiff" or "Goodrich"). Plaintiff is currently incarcerated at FCI-Allenwood in White Deer, Pennsylvania. In the above-captioned case, Plaintiff asserted that Defendants illegally stopped and searched the vehicle in which he was a passenger on September 11, 2002. Evidence of Plaintiff's involvement in the theft of anhydrous ammonia was obtained from the search.

In Plaintiff's resulting criminal case before this Court on charges of conspiracy to manufacture and distribute a controlled substance, theft of anhydrous ammonia, and possession of listed chemicals/distribution of a controlled substance, see United States v. Goodrich, 4:03-cr-0036, Plaintiff filed a Motion to Suppress much of the evidence against him resulting from the search, which was denied. Id. at docs. 60, 95. Following Plaintiff's subsequent trial, conviction, and appeal with the Court of Appeals for the Third Circuit, see United States v. Goodrich, Appeal No. 05-3071, on June 20, 2006, the Third Circuit Court of Appeals upheld the validity of the stop and affirmed our judgment denying Plaintiff's Motion to Suppress.

On July 19, 2006, Defendants filed a Motion for Summary Judgment and a supporting brief in the instant action, arguing that collateral estoppel barred Plaintiff's claim. (Rec. Docs. 35, 36). Plaintiff failed to file a brief opposing the Motion, and we so noted in our August 4, 2006 Order granting Defendants' Motion for Summary Judgment. (Rec. Doc. 37 at 3, 5-6). Although in the aforementioned Order, we indicated that Plaintiff's failure to file an brief in opposition caused the Motion to be deemed unopposed pursuant to Local Rule ("L.R.") 7.6, we, nevertheless, proceeded to consider Defendants' Motion on the merits and concluded that Plaintiff's action was barred by collateral estoppel. (Rec. Doc. 37

at 6-8).

On August 21, 2006, more than ten (10) business days after the entry of our August 4, 2006 Order, Plaintiff filed the instant Motion for Reconsideration, which will form the basis of this Order.

**STANDARD OF REVIEW:**

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

**DISCUSSION:**

We initially note that Plaintiff has violated two of this Court's Local Rules with his filing of the instant Motion. First, Plaintiff filed the Motion more than ten (10) business days after the entry of this Court's August 4, 2006 Order, in violation of L.R. 7.10.[1] Second, Plaintiff failed to file a brief supporting his Motion, in violation of L.R. 7.5.[2] Plaintiff's failure to file a supporting brief may technically require this Court to deem the instant, untimely Motion withdrawn. However, as we did in our August 4, 2006 Order (see doc. 37 at 6-8), in the interests of caution, we will address the merits of the pending Motion.

In the instant Motion, Plaintiff argues that Defendants' failure to mail the underlying motion, a Motion for Summary Judgment (doc. 35), to Plaintiff's new address deprived Plaintiff of an adequate opportunity to respond to said Motion. (Rec. Doc. 38). He further asserts that this Court's August 4, 2006 Order was a default judgment in favor of Defendants, based on Plaintiff's failure to oppose the Motion. (Rec. Doc. 38).

---

[1] L.R. 7.10 states: "Any motion for reconsideration or reargument shall be filed within ten (10) days after the entry of the judgment, order or decree concerned." L.R. 7.10.

[2] L.R. 7.5 states, in relevant part: "Within ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file a brief in support of the motion . . . Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provide in this rule such motion shall be deemed withdrawn . . . ." L.R. 7.5.

However, as suggested above, on August 4, 2006, this Court did not, in fact, enter a default judgment against Plaintiff. (See Rec. Doc. 37 at 5-6). In the aforementioned Order, we indicated that "[a]lthough Defendants' Motion is deemed unopposed pursuant to L.R. 7.6 [due to Plaintiff's failure to file an opposing brief], it is prudent under the circumstances of this case to address the merits of the pending Motion." (Rec. Doc. 37 at 5-6). We then discussed in some detail our rationale for granting Defendants' Motion for Summary Judgment, which was grounded in our conclusion that collateral estoppel bars Plaintiff's claim. (See Rec. Doc. 37 at 6-8).

Thus, after a careful review of Plaintiff's instant Motion (doc. 38), we find that he has not demonstrated any one of the following necessary to alter or amend our August 4, 2006 Order: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for judgment on the pleadings; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café, 176 F.3d at 677 (citing North River Ins. Co., 52 F.3d at 1218).

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, No. CIV. A.

5

99-5089, 2001 WL 1609761, at *9 (E.D. Pa. 2001) (citations and internal quotation marks omitted); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

Accordingly, Plaintiff's Motion for Reconsideration (doc. 38) of the Court's August 4, 2006 Order (doc. 37) is denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (doc. 38) is **DENIED**.

s/ John E. Jones III
John E. Jones III
United States District Judge